IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES E. KILEY, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2516-KHV |
| CAROL W. LORD, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiffs James E. Kiley, Jr. and The Kiley Law Firm, LLC bring suit against a number of Kansas state entities and individuals, asserting civil rights deprivations in violation of 42 U.S.C. § 1983.  Kiley alleges that defendants violated his due process rights to a fair and meaningful administrative hearing arising out of the prosecution of Carol Lord's wage claim against Kiley before the Kansas Department of Labor.  This matter comes before the Court on the Motion To Dismiss Plaintiffs' Complaint For Defendants Kansas Office Of Administrative Hearings And Edward J. Gaschler (Doc. #13) filed October 6, 2011; Defendants Kansas Department Of Labor And Timothy B. Triggs Motion To Dismiss Or In The Alternative For Summary Judgment (Doc. #18) filed October 12, 2011; Defendant State Of Kansas' Motion To Dismiss (Doc. #20) filed October 21, 2011; Defendant Carol W. Lord's Motion To Dismiss Or In The Alternative For Summary Judgment (Doc. #22) filed October 21, 2011; and plaintiffs' Motion For Leave To File Plaintiff's First Amended Complaint (Doc. #46) filed December 7, 2011.  For the following reasons, the Court sustains the motions to dismiss and overrules the motion for leave to amend.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an

entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so

requires." A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

## **Facts**

The complaint alleges the following facts.

James E. Kiley, Jr. is the principal of The Kiley Law Firm, LLC ("KLF"),[1] which he formed in November of 2003. Kiley is a citizen of the State of Kansas and KLF is a limited liability company existing pursuant to and organized under the laws of Kansas. Before he formed KLF, Kiley was a partner in the law firm of Kiley, Wiesner, & Frackowiak, LLP ("KWF"). As a KWF partner, Kiley hired defendant Carol W. Lord as his legal assistant. Kiley and Lord signed a letter dated January 21, 2003 that set forth the terms of her employment and a letter dated January 22, 2003 that contained additions and revisions to the first letter. The Court refers to these letters collectively as "the Agreement."[2] When Kiley formed KLF later that year, Lord joined him at the firm with the intention of continuing to perform under the Agreement. During 2003 and 2004, Lord worked the minimum number of hours the law firm required to qualify for an annual bonus, and KLF paid the bonus.

In June of 2005, Lord and her husband discovered a serious mold problem in their home which required them to vacate and relocate to temporary living quarters. During the second half of

---

[1] Because the law firm's actions in this case are derivative of its principal, the Court's references to Kiley will generally include KLF.

[2] Lord attaches these letters to her motion to dismiss. Although plaintiffs did not attach these letters to their complaint, they refer to them as "the Agreement" and, in their response to Lord's motion to dismiss, do not object to their authenticity.

-3-

2005 and the first half of 2006, Lord worked part-time hours while she dealt with contractors who were remediating the mold and repairing and remodeling the house. KLF did not pay Lord an annual bonus in 2005 or 2006 because it determined that she did not work full time and thus did not earn the bonus.

On Friday, January 5, 2007, Kiley reprimanded Lord for giving legal advice to a client. The following Monday, Lord called KLF to announce her resignation. Shortly thereafter, Lord sent KLF a letter asserting a wage claim for unpaid wages during 2005 and 2006. KLF analyzed Lord's time sheets and payroll records and conducted legal research to determine whether Lord had worked full time during those two years. KLF concluded that Lord had not worked 2,000 hours in either year and thus rejected her claim for additional wages.

On November 21, 2007, Lord filed a wage claim against Kiley and KLF with the Kansas Department of Labor. Kiley responded to the wage claim, asserting that Lord had not earned the wages she claimed and that she had engaged in deliberate misconduct which barred her claim. The procedural history of her claim, as described by the Kansas Court of Appeals, is as follows:[3]

> The administrative hearing on Lord's wage claim was held on September 11, 2008. Lord, her husband Clinton, and James [Kiley] testified. Lord testified that Kiley never told her that she had to work 40 hours a week as a condition precedent to the guaranteed $50,000 in yearly compensation or that she was not working enough hours to earn the bonuses. Lord said that while working for Kiley, she routinely took work home with her at night, she worked on some weekends, and she worked more hours than she recorded because she knew Kiley was having cash flow problems and preferred to take a reduction in pay instead of trying to get more money.
>
> Lord introduced into evidence her time sheets for 2006, which showed that she reported working 1,995.4 hours during 2006. Lord conceded on cross-examination that she over-reported her time by 1 hour during the May 15 to May 29, 2006, pay period. Lord stated she did not know how many total hours she worked in 2005.
>
> Lord acknowledged that she did not lodge a complaint against Kiley for unpaid wages until after resigning. Lord explained that she did not complain about the

---

[3] Plaintiffs attach as Exhibit 6 to their complaint a copy of the unpublished Court of Appeals opinion in <u>Lord v. The Kiley Law Firm, LLC</u>, No. 102,827 (July 1, 2011).

-4-

> wages she received in 2005 and 2006 because Kiley was experiencing financial difficulties. Lord said that Kiley had some cases pending that, if settled, would provide money to pay her.
>
> Conversely, James testified that both parties understood Lord had to work full-time, meaning a minimum of 40 hours per week for 50 weeks a year (2,000 hours) or the equivalent, as a condition precedent to the guaranteed $50,000 in yearly compensation. James said Lord had the flexibility to work any number of hours she wanted to work but that the parties never agreed to pay Lord $50,000 a year if she did not work a total of 2,000 hours for that year. James testified that Lord only worked a total of 1,385.7 hours during 2005 and a total of 1,771.3 during 2006.
>
> On October 1, 2008, the presiding officer issued a ruling in favor of Lord that included the following findings: A contract existed between the parties, Lord rendered services to Kiley based on the contract, and Kiley failed to pay Lord the compensation he agreed to pay her pursuant to the contract. In making these findings, the presiding officer notes that "[n]owhere in the employment contract does it set forth that [Lord] must work a minimum of 40 hours per week for 50 weeks per year." As a result of these findings, the agency ordered Kiley to pay Lord $44,514.97 in unpaid earned wages for 2005 and 2006 and $9,912.65 in interest. Based on a further finding that Kiley's actions in withholding these wages were "willful," the agency also ordered Kiley to pay Lord a penalty of $44,514.997 pursuant to K.S.A. 44-315(b).

Lord v. The Kiley Law Firm, LLC, No. 102,827, slip op. at 5-6 (Kan. Ct. App. July 1, 2011). Kiley petitioned the Secretary of the Kansas Department of Labor to review the presiding officer's initial order. On July 27, 2009, the Secretary's designee denied the petition, thereby making the initial order the Department's final order. Kiley then filed a petition for review in the District Court of Shawnee County, claiming constitutional rights violations and legal error under K.S.A. § 77-621, the Kansas Act for Judicial Review. Following a hearing, the Shawnee County District Court affirmed the final order in a Memorandum Decision and Order dated June 23, 2009.

Kiley appealed the district court order to the Kansas Court of Appeals. In its 21-page memorandum opinion, the Court of Appeals considered each of the five issues Kiley raised on appeal. Kiley asserted that the agency decision should be reversed because:

> (1) the decision was based on an erroneous interpretation of the parties' employment agreement; (2) the decision was based on an employment agreement that was null and void; (3) the decision to assess a penalty was based on a finding of willful

-5-

>   conduct that is not supported by substantial evidence in the record; (4) the agency prevented Kiley from adequately presenting a defense to the charges against him in violation of his right to due process of the law; and (5) the statutory and administrative authority upon which the agency relied to render its decision are unconstitutional on their face and as applied to him.

Lord v. The Kiley Law Firm, LLC, No. 102,827, slip op. at 7. The Court of Appeals affirmed the agency interpretation of the employment agreement and concluded that the contract was valid and enforceable. It found no merit to Kiley's claim that the agency's discovery and evidentiary decisions violated his due process rights and, because he had not raised it in the district court, declined to consider Kiley's claim that the Kansas statutory and regulatory authority upon which the agency relied were unconstitutional on their face and as applied to him.[4] The Court of Appeals reversed the penalty assessment, however, because the factual finding that Kiley had willfully failed to pay Lord back wages was not supported by substantial competent record evidence.

Kiley filed a petition for review in the Kansas Supreme Court. On June 13, 2012, the Court denied the petition.

## Analysis

To support their unanimous argument that the complaint should be dismissed, defendants collectively assert a number of grounds in their four motions to dismiss. Many of the motions raise common issues that are amenable to joint discussion.

**The State Defendants**

The State of Kansas, the Kansas Office of Administrative Hearings and the Kansas Department of Labor ("the State defendants") contend that Kiley may not prosecute an action against them in federal court because the Eleventh Amendment bars private parties from suing a

---

[4] Kiley filed a motion with the Court of Appeals requesting appellate attorneys' fees and expenses pursuant to 42 U.S.C. § 1983. The Court rejected the motion because "Kiley did not prevail on either of the constitutional issues presented on appeal." Lord v. The Kiley Law Firm, LLC, No. 102,827, slip op. at 20.

state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity or the state has waived its immunity and consented to be sued. The State defendants assert that they have not consented to suit and that Congress has not so acted. They further assert that they are not "persons" subject to suit under 42 U.S.C. § 1983. Kiley argues that his due process rights under the Fourteenth Amendment supercede the Eleventh Amendment because the former is an act of Congress that does expressly abrogate a state's right to assert immunity under the latter. Kiley also argues that the Kansas Constitution and the Kansas Tort Claims Act create a waiver of the State's Eleventh Amendment immunity, and that the State defendants are "persons" under § 1983.[5]

The Court rejects Kiley's arguments. The United States Supreme Court repeatedly has held that the Eleventh Amendment bars suits against a state by its own citizens. E.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Missouri v. Fiske, 290 U.S. 18, 28 (1933). The immunity applies equally to state agencies. See Fla. Dep't of Health & Rehabilitative Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981). As for waiver, a state will be deemed to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (internal citation omitted). No such language exists in any pronouncement by the State of Kansas. Lee v. McManus, 589 F. Supp. 633, 638 (D. Kan. 1984).

The Eleventh Amendment is subject to abrogation by the Fourteenth Amendment only if

---

[5] In their response to the motion to dismiss filed by the Kansas Department of Labor and Triggs, plaintiffs write that they "are unable to find any rulings expressly holding that States are not 'persons' under § 1983." Doc. #42 at 9. The law, however, is well settled. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). See also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (citing Quern v. Jordan, 440 U.S. 332 (1979), for holding that 42 U.S.C. § 1983 does not override states' Eleventh Amendment immunity).

Congress acts unequivocally to express the abrogation, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238-40 (1985), and Congress expressed no such intention in its enactment of 42 U.S.C. § 1983. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998). Moreover, the State of Kansas and its agencies are not "persons" and thus cannot be sued under section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

The State defendants are immune from suit under the Eleventh Amendment and as to these defendants, the complaint must be dismissed for lack of subject matter jurisdiction.

**The State Employee Defendants**

The complaint alleges that Edward H. Gaschler is a hearing officer for the Kansas Office of Administrative Hearings who acted on behalf of the Kansas Department of Labor to preside over the administrative hearing on Lord's wage claim and that Timothy B. Triggs is the presiding officer of the Kansas Department of Labor who denied KLF's request to conduct pre-hearing discovery in the administrative wage claim proceeding. In Counts I and II, the complaint seeks relief against all defendants for alleged due process violations with respect to Kiley's preparation for and presentation of evidence at the administrative hearing. Although the complaint does not state whether plaintiffs intend to sue Gaschler and Triggs in their official or personal capacities, plaintiffs' motion for leave to amend makes it clear that the complaint is leveled against those defendants only in their official capacities.

The Supreme Court has long held that state officials acting in their official capacities are not "persons" under 42 U.S.C. § 1983. Will, 491 U.S. at 71. A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. Id. at 67. Thus, for the same reason that the State defendants are immune from suit, the claims against Gaschler and Triggs in their official capacities must be dismissed for lack of subject matter

-8-

jurisdiction.[6]

**Rooker-Feldman Doctrine**

Lord, the remaining defendant, asserts a number of grounds for dismissal. Although others may be equally dispositive, the Court will first consider her argument that the complaint must be dismissed because this Court lacks subject matter jurisdiction under District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (collectively "Rooker-Feldman"). All of the defendants have raised this issue, which stands as a potential jurisdictional bar to the case as a whole.

The Rooker-Feldman doctrine expressly bars federal district courts from reviewing state court decisions because only the Supreme Court has jurisdiction to hear appeals from final state court judgments. Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006). It provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).[7]

This Court lacks jurisdiction to consider claims actually decided by a state court and claims that are "inextricably intertwined" with a prior state court judgment. Kenman Eng'g v. City of

---

[6] Gaschler and Triggs also argue that they are entitled to absolute quasi-judicial immunity and to qualified immunity, defenses they would raise had they been sued in their personal capacities. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because plaintiffs sue Gaschler and Triggs in their official capacities, the Court need not address these claims.

[7] For Rooker-Feldman to apply, the state court proceedings must be concluded. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). As some of the defendants have advised, on June 13, 2012, the Kansas Supreme Court denied Kiley's petition for review of the Kansas Court of Appeals ruling. See Notice Of Factual Update (Doc. # 54) filed by Kansas Office of Administrative Hearings and Edward J. Gaschler on June 20, 2012; Notice Of Factual Update (Doc. #55) filed by Carol W. Lord on June 25, 2012. As Kiley concedes, however, (because Kansas Supreme Court review is discretionary,) the judgment was final when the Court of Appeals entered its Memorandum Opinion. See Doc. #42 at 22. Accordingly, the state court proceedings have concluded.

Union, 314 F.3d 468, 473 (10th Cir. 2002). In determining whether claims are inextricably intertwined, this Court must consider whether the state court judgment caused, both actually and proximately, the injury for which Kiley seeks redress. If it did, no jurisdiction exists. See id. at 476. Thus, where a plaintiff concedes that but for the judgment in state court, he would not have suffered the injury for which he seeks redress in federal court, Rooker-Feldman bars the action. See Ritter v. Ross, 992 F.2d 750, 754-55 (7th Cir. 1993), cited with approval in Kenman Eng'g, 314 F.3d at 477. Kiley acknowledges that as alleged in this case, the fact of injury "was not ascertainable . . . until the Court of Appeals entered its Memorandum Opinion on July 1, 2011, vacating the award of penalty damages but otherwise affirming the KDOL's judgment." Doc. #42 at 22. Therefore, by his own admission, Kiley's claims are inextricably intertwined with the state court judgment.

Kiley's complaint seeks the following relief: (1) a declaratory judgment that defendants violated plaintiffs' constitutional due process rights to a fair and meaningful administrative hearing; (2) an order vacating the final order of the Kansas Department of Labor; (3) an order overruling and vacating the Memorandum Opinion of the Kansas Court of Appeals; and (4) an award of costs, attorneys' fees and expenses. Plaintiffs' requested relief would directly undo the ruling of the Kansas Court of Appeals. In this way, too, it is clear that the complaint is inextricably intertwined with the state court judgment.

Kiley argues that Rooker-Feldman does not bar his claims because the Court of Appeals did not reach the merits of the constitutional claims, but instead decided the appeal on the contract issues. The argument is not well founded. "A district court cannot entertain constitutional claims attacking a state-court judgment, even if the state court did not pass directly on those claims, when the constitutional attack is inextricably intertwined with the state court's judgment." Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007) (quoting Exxon-Mobil, 544 U.S. at 286 n.1). The same holds true where a party asks a federal district court to adjudicate the facial constitutionality

of a state statute, as Kiley does. "An exception to the Rooker-Feldman doctrine exists where the Court is asked to adjudicate the facial constitutionality of a state law or rule. However, such review is barred by Rooker-Feldman where the effect of the constitutional challenge is to upset a prior state-court judgment against the party." Allen v. Dupree, Case No. 04-CV-02055-MSK-OES, 2005 WL 2372837, at *6 (D. Colo. Sept. 27, 2005).

This Court lacks jurisdiction to hear plaintiffs' claims against all defendants because the Rooker-Feldman doctrine bars litigants from doing indirectly what they no longer can do directly by filing an action in federal district court, and because plaintiffs' claims are inextricably intertwined with the state-court judgment which caused the injury for which they seek redress. See Bear, 451 F.3d at 642. Moreover, the State defendants and the State employee defendants have an alternative ground for dismissal because they are immune from suit under the Eleventh Amendment.

## Motion For Leave To File Amended Complaint

Kiley seeks leave to amend the complaint to sue Gaschler and Triggs in their individual capacities as well as in their official capacities, and to make some minor amendments to the factual allegations. The proposed amended complaint does not add claims.

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987). Although Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so requires," a district court should not permit amendment if it is futile. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

In their complaint, plaintiffs do not specify whether they sue Gaschler and Triggs in their official and/or individual capacities. Apparently they intended to sue them in their official capacities, since they now seek to add personal capacity claims. Plaintiffs allege no facts that would

-11-

suggest a basis for individual liability, however, and do not seek additional relief that would be available only against these state employees in their individual capacities.

Kiley's proposed amended complaint does not avoid the Rooker-Feldman bar.  It contains the same claims, all of which were decided by or are inextricably intertwined with the state court judgment.  Suing Gaschler and Triggs in their personal capacities would affect the immunity defenses which those defendants could assert, but it would not change the nature of this case: parties who lost in state court would still be seeking appellate review of the state judgment in this Court, based on plaintiffs' claim that the state judgment itself violates their federal rights.  Because the proposed amended complaint would be subject to dismissal for lack of subject matter jurisdiction, the Court exercises its discretion to deny leave to file it.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss Plaintiffs' Complaint For Defendants Kansas Office Of Administrative Hearings And Edward J. Gaschler (Doc. #13) filed October 6, 2011;[8] Defendants Kansas Department Of Labor And Timothy B. Triggs Motion To Dismiss Or In The Alternative For Summary Judgment (Doc. #18) filed October 12, 2011; Defendant State Of Kansas' Motion To Dismiss (Doc. #20) filed October 21, 2011; and Defendant Carol W. Lord's Motion To Dismiss Or In The Alternative For Summary Judgment (Doc. #22) filed October 21, 2011 are **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion For Leave To File Plaintiff's First Amended Complaint (Doc. #46) filed December 7, 2011 is **OVERRULED**.

The complaint is **DISMISSED** in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

Dated this 26th day of July, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil

---

[8] To the extent that Doc. #13 is construed as an alternate motion to dismiss for failure to state a claim upon which relief can be granted, the motion is **OVERRULED** as moot.

KATHRYN H. VRATIL
United States District Judge