IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES E. KILEY, JR., et al., )
                              )
            Plaintiffs,       )
                              ) CIVIL ACTION
v.                            )
                              ) No. 11-2516-KHV
CAROL W. LORD, et al.,        )
                              )
            Defendants.       )
_____)

## MEMORANDUM AND ORDER

James E. Kiley, Jr. and The Kiley Law Firm, LLC brought suit against a number of Kansas state entities and individuals, asserting civil rights violations under 42 U.S.C. § 1983. Plaintiffs allege that defendants violated their due process rights to a fair and meaningful administrative hearing before the Kansas Department of Labor on Carol Lord's wage claim against them. On July 26, 2012, the Court dismissed plaintiffs' complaint in its entirety. This matter is before the Court on Kansas Office Of Administrative Hearings And Edward J. Gaschler's Memorandum In Support Of Its Motion For An Award Of Attorney Fees (Doc. #59) filed August 8, 2012.

Under 42 U.S.C. § 1988, the Court in its discretion may award a reasonable attorney's fee to the prevailing party in various kinds of civil rights cases, including suits like this one brought under Section 1983. 42 U.S.C. § 1988; Fox v. Vice, 131 S. Ct. 2205, 2213 (2011). Section 1988 authorizes the Court to award attorney's fees to defendant in the rare situation where plaintiff brings an action that is frivolous, unreasonable or without foundation. Fox, 131 S. Ct. at 2213; Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416 (1978); Hughes v. Rowe, 449 U.S. 5, 14 (1980); Mitchell v. City of Moore, Okla., 218 F.3d 1190, 1203 (10th Cir. 2000). A frivolous suit is one "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly

baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). To award fees to a prevailing defendant, the Court need not find that plaintiff brought the lawsuit with subjective bad faith. Christiansburg, 434 U.S. at 421. Defendant can recover if plaintiff violates this standard at any point during the litigation, not just at its inception. Thorpe v. Ancell, 367 Fed. Appx. 914, 919-920 (10th Cir. 2010) (citing Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007); Munson v. Milwaukee Bd. of Sch. Dirs., 969 F.2d 266, 271 (7th Cir. 1992)).

In determining whether a claim is frivolous, unreasonable or groundless, the Court must avoid "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. Dismissal of claims does not automatically warrant a fee award. See Jane L. v. Bangerter, 61 F.3d 1505, 1513-14 (10th Cir. 1995).

Among other defendants, plaintiffs sued the Kansas Office of Administrative Hearings and Edward H. Gaschler in his official capacity as a hearing officer for the Kansas Office of Administrative Hearings, for due process violations under Section 1983. On July 26, 2012, the Court sustained these defendants' motions to dismiss because it is well-established that they are not "persons" for purposes of Section 1983. Memorandum And Order (Doc. #57) at 7-8. Contrary to plaintiffs' contention, the dismissal was not based on mere technicalities. The Court also found that the Rooker-Feldman doctrine barred all of plaintiffs' claims because the relief that plaintiffs requested would directly undo the ruling of the Kansas Court of Appeals. Id. at 9-11. The Kansas Office of Administrative Hearings and Gaschler are therefore prevailing parties under Section 1988.

Based on longstanding precedent, plaintiffs' claims were clearly not viable. Instead, the claims were frivolous, unreasonable and without foundation. The Court may therefore award attorney's fees under Section 1988 to the Kansas Office of Administrative Hearings and Gaschler.

-2-

Plaintiffs argue that because James E. Kiley, Jr., has "filed for personal bankruptcy under Chapter 7," defendants' claims for legal fees are "subject to discharge." Memorandum In Opposition To The Motion Of The Kansas Office Of Administrative Hearings And Edward J. Gaschler's Motion For An Award Of Attorneys' Fees (Doc. #60) filed August 15, 2012, at 2. On October 17, 2012, the Court ordered the Kansas Office of Administrative Hearings and Gaschler to show cause why the automatic stay provision of 11 U.S.C. § 362(a) does not preclude the Court from taking action on their motion for attorney's fees. They responded that Kiley filed for "personal" bankruptcy, that two plaintiffs – Kiley and The Kiley Law Firm, LLC – brought this action and that under Kansas law, the bankruptcy of a member of an LLC does not dissolve the LLC. Bankruptcy law respects the separate coexistence of a corporation and except in unusual circumstances, an automatic stay does not stay actions against separate entities associated with a debtor. In re Res. Energy Techs., LLC, 419 B.R. 746, 748 (Bankr. W.D. Ky. 2009); see also In re Riverfront Properties, LLC, 405 B.R. 570, 575 (Bankr. D.S.C. 2009). Plaintiffs have not argued that defendants' request for attorney fees constitutes an unusual circumstance or that the bankruptcy stay would apply to The Kiley Law Firm, LLC. For these reasons, the Court finds that the automatic bankruptcy stay does not preclude it from ruling on the pending motion for attorney's fees.

To determine the reasonableness of a fee request, the Court begins by calculating the lodestar amount by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1249-50 (10th Cir. 1998). Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee. Robinson, 160 F.3d at 1281.

The Kansas Office of Administrative Hearings and Edward J. Gaschler request $2,400 in attorney's fees based on 32 hours of work at $75 per hour.  The Court finds that $2,400 is a reasonable fee for this matter.

**IT IS THEREFORE ORDERED** that <u>Kansas Office Of Administrative Hearings And Edward J. Gaschler's Memorandum In Support Of Its Motion For An Award Of Attorney Fees</u> (Doc. #59) filed August 8, 2012 be and hereby is **SUSTAINED**.  No later than January 31, 2013, the Kiley Law Firm, LLC shall pay the Kansas Office of Administrative Hearings and Edward J. Gaschler $2,400 in satisfaction of their joint attorney's fees.

Dated this 8th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
